Opinion filed November 5, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 5,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00111-CV 

                                 __________

 

                     CYNDA GUINN D/B/A PATTON RANCH, Appellant

 

                                                             V.

 

                                     FRANK
VOLLEMAN, Appellee

 



 

                                         On
Appeal from the 220th District Court

 

                                                      Comanche
County, Texas

 

                                          Trial
Court Cause No. CCCV-05-18405

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
is an appeal from that portion of the trial court=s
order in which it awarded $50,000 in attorney=s
fees to Frank Volleman.  Because the trial court had the discretion to award
those fees, we affirm.








Cynda
Guinn, the owner of Patton Ranch, filed suit against Frank Volleman, the owner
of Wildcat Dairy, Inc. and Natural Dairy Grower Company, Inc., after Volleman
expanded his dairy.  The expansion included building two free-stall dairy barns
just south of County Road 252.  Guinn claimed that the expansion blocked access
to her ranch from County Road 252.  Guinn filed suit alleging several claims,
including trespass, negligence, and gross negligence.  Guinn also sought a
declaratory judgment that she has the right to access her property by way of
County Road 252. Volleman filed a counterclaim seeking a declaratory judgment
concerning the improvements and access to County Road 252.  The jury found in
favor of Volleman, and the trial court entered judgment denying Guinn=s requested relief.  The
judgment further stated that the trial court Areviewed
[Guinn=s] demand for
declaratory relief.@ 
The trial court ordered that Guinn Adoes
not have an unlimited right of access to [her property from] CR 252,@ that Volleman=s Ainterference with [Guinn=s] access to her property
was not wrongful,@ and
that Guinn Ahas no
right to remove or alter the improvements to CR 252.@  The trial court awarded Volleman $50,000 in
attorney=s fees.

Guinn
does not challenge the sufficiency of the evidence or the jury=s findings in favor of
Volleman.  In her sole issue on appeal, Guinn argues that Volleman was not
entitled to an award of attorney=s
fees under the Declaratory Judgment Act.[1]

Declaratory
relief is available pursuant to Section 37.004 as follows:

(a)
A person interested under a deed, will, written contract, or other writings
constituting a contract or whose rights, status, or other legal relations are
affected by a statute, municipal ordinance, contract, or franchise may have
determined any question of construction or validity arising under the
instrument, statute, ordinance, contract, or franchise and obtain a declaration
of rights, status, or other legal relations thereunder.  

 

In
proceedings brought under the Declaratory Judgment Act, a trial court may Aaward costs and reasonable
and necessary attorney=s
fees as are equitable and just.@ 
Section 37.009.

The
record shows that the county commissioners approved a motion Ato approve closing a
section consisting of 3.92 acres of CR 252 at the Frank Volleman Dairy and open
a new section consisting of 3.66 acres as deeded to the County by Frank
Volleman.@  A .37-acre
portion of County Road 252 was designated as an easement tract that ran
adjacent to both Guinn=s
and Volleman=s
properties and created a dead end at Volleman=s
property.  Volleman=s
expansion of his dairy included barns along the easement tract of County Road
252 that Guinn claims blocked access to her property.  The county commissioners
approved Volleman=s
improvements on the easement tract. 








Guinn
argues that this case is solely a tort action for trespass and that, despite
her pleadings  and despite the fact that she asked for a declaratory judgment,
she really was not entitled to declaratory relief.  Therefore, her argument
continues that the award of attorney=s
fees was not appropriate.  Volleman argues that Guinn requested declarations
based upon her rights of ingress and egress on County Road 252 and, therefore,
that the request sought a legal determination of Guinn=s rights under Tex. Transp. Code Ann. '
251.058 (Vernon Supp. 2009).  

In
her third amended petition, Guinn sought:

[A] declaratory
judgment from this Court that [Guinn] has the right to access her property by
way of CR 252, that Comanche County has not closed, abandoned or otherwise
forsaken the portion of CR 252 herein referred to as the Easement Tract, that
[Volleman=s]
interference with [Guinn=s]
access to her property is wrongful, and that [Guinn] has the right to remove
said encroachment at [Volleman=s]
expense. 

 

The
county commissioners have authority to close, abandon, vacate, or alter county
roads.  Tex. Transp. Code Ann. ' 251.051 (Vernon 1999). 
The minutes from the commissioners=
court meetings showed that they closed a portion of County Road 252 and
relocated a portion of the road.  The commissioners= court also approved the complained-of
placement of Volleman=s
improvements.   In her pleadings, Guinn sought a declaration from the court to
determine the status of County Road 252 and her right to access her property
from County Road 252.  Section 251.058 provides in part:

(a)
A property owner may not enjoin the entry or enforcement of an order of a
commissioners court, acting at the request of any person or on its own
initiative, to close, abandon, and vacate a public road or portion of a public
road unless the property owner is entitled to an injunction because:

 

(1)
the person owns property that abuts the portion of the road being closed,
abandoned, and vacated; or

 

(2)
the portion of the road being closed, abandoned, and vacated provides the only
ingress to or egress from the person=s
property.

 








(b) Title to a
public road or portion of a public road that is closed, abandoned, and vacated
to the center line of the road vests on the date the order is signed by the
county judge in the owner of the property that abuts the portion of the road
being closed, abandoned, and vacated.  A copy of the order shall be filed in the
deed records of the county and serves as the official instrument of conveyance
from the county to the owner of the abutting property.

 

We agree that
Guinn=s pleadings seek
a determination of her rights under Section 251.058.  The trial court=s judgment states that it
reviewed Guinn=s
demand for declaratory relief and found that Guinn does not have unlimited
access to County Road 252.

The
court in its discretion may award Areasonable
and necessary attorney=s
fees as are equitable and just.@ 
Section 37.009.  There is nothing in the language of that section limiting the
award of attorney=s
fees to the first party to invoke the Declaratory Judgment Act.  First City
Nat=l
Bank of Midland v. Concord Oil Co., 808 S.W.2d 133, 138 (Tex. App.CEl Paso 1991, no writ). 
Because Guinn sought a declaratory judgment, Volleman=s general denial and request for attorney=s fees was sufficient to
support an award for attorney=s
fees under the Declaratory Judgment Act.  Id.  Declaratory relief was
available pursuant to Section 37.004; the award of attorney=s fees was appropriate. 
The trial court did not abuse its discretion in awarding attorney=s fees to Volleman.  

Moreover,
Guinn did not object to Volleman=s
evidence regarding attorney=s
fees, nor did she object to the jury question regarding Volleman=s attorney=s fees.  Therefore, Guinn
has not preserved her complaint for review.  Tex.
R. App. P. 33.1.  We overrule Guinn=s
sole issue on appeal.

We
affirm the judgment of the trial court. 

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 5, 2009

Panel consists
of:  Wright, C.J.,

McCall, J.,
and Strange, J.









[1]Tex. Civ.
Prac. & Rem. Code Ann.
'' 37.001B.011 (Vernon
2008).